**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AIR STARTER COMPONENTS, INC. | § § § § | |
| Plaintiff, | § § | |
| V. | § § | C.A. No. H-05-4326 |
| | § § | |
| DAVID MOLINA., *et al.* | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case was filed in state court in 2002 and removed to federal court in 2005. Not surprisingly, the plaintiff challenged the removal and moved to remand. (Docket Entry No. 20). This court agrees, for the reasons explained below.

**I.     Background**

Plaintiff Air Starter Components, Inc. ("ASC") sued David Molina, Filiberto Fuentes, and Specialized Components, Inc. ("SCI") in state court in October 2002, alleging misappropriation of trade secrets, conversion, and breach of contract. Two defendants, ABCO Products, Inc. and Andrew Bennet Boyd, were added in February 2003 in a First Amended Petition. On October 23, 2003, ASC filed a Second Amended Petition adding two defendants – Richard Kellogg and James Glattly – and adding a claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. (Docket Entry No. 25, Ex. A). No defendant removed. The RICO claim was based on allegations

that shortly before Molina resigned from ASC, he copied confidential plans, specifications, and other information about ASC's business and formed an agreement with SCI, ABCO, Boyd, Glattly, and Kellogg to exploit this information.

From October 2003 to November 2004, ASC filed a Third, then a Fourth, Amended Petition, adding defendants – Brian Lee Wilson, Jerry Ward, David Fink, and Bill Joyce – and later nonsuiting two of those defendants – Joyce and Fink. The RICO claim remained in the case as to all defendants. New factual information was added in support of that claim, including allegations that Molina had induced another ASC employee to bring him confidential drawings belonging to ASC and that SCI had hired Wilson and used his knowledge of ASC trade secrets in furtherance of the conspiracy to defraud ASC. The Fourth Amended Petition alleged that Fuentes, while still working for ASC, was paid by SCI and ABCO to develop a customer list for SCI. ASC also added to the Fourth Amended Petition allegations that Fuentes's actions resulted in eighteen new customers for SCI, seventeen of which were also customers of ASC. In November 2004, the state court judge granted defendants' motions for partial summary judgment as to the RICO claim. (Docket Entry No. 25, Ex. B). In March 2005, ASC filed a Fifth Amended Petition, adding three defendants – Miguel Matamoros, Gary Mills, and Above & Beyond Compression, Inc. – and reasserting the RICO claim despite the earlier ruling granting defendants' partial summary judgment motion as to this claim. (Docket Entry No. 25, Ex. C). The Fifth Amended Petition added detail to the RICO claim by identifying three additional members of the alleged conspiracy and by dividing the overarching "scheme to defraud" into four subparts,

2

including: (1) a scheme to deprive ASC of the faithful services of its employer; (2) a scheme to deprive ACS of the right to exclusive enjoyment of its own property; (3) a scheme to deprive ASC of its trade secrets; and (4) a scheme to induce ASC employees to divert sales to SCI and to reveal the names of ASC customers. According to ASC, each of these four related schemes merged into a larger scheme of entering the air starter business and ASC out. The Fifth Amended Petition included allegations that Fuentes and Molina bribed Matamoros to divert sales from ASC and allegations explaining ABC's role in the conspiracy. These new allegations provided a more detailed factual basis for the previously pleaded (and dismissed) RICO claim.

Although the RICO claim included some factual allegations that appeared for the first time in the Fifth Amended Petition, the RICO claim itself has the same focus as that asserted in the Second, Third, and Fourth Amended Petitions – that the defendants conspired to defraud ASC of confidential information and to exploit that information for competitive advantage. ASC contends that Matamoros was served with the Fifth Amended Petition on August 22, 2005. (Docket Entry No. 20). Matamoros contends that he was not properly served with process. (Docket Entry No. 25). The other two defendants named for the first time in the Fifth Amended Petition were Canadian companies that had not been served when this case was removed in December 2005.

On November 23, 2005, the state court judge granted ASC's motion to rehear the defendants' motion for partial summary judgment on the RICO claim and set aside his earlier summary judgment ruling. (Docket Entry No. 25, Ex. H). On December 22, 2005,

3

Matamoros filed an appearance in the state court case and removed it to federal court. (Docket Entry No. 1). Each of the other defendants that had been served filed a notice of consent to removal on that same date. The defendants who had been named and served before Matamoros had also filed counterclaims and third-party claims in the state court.

ASC timely moved to remand. (Docket Entry No. 20). ASC argues that removal was improper because it was filed long after the RICO claim was first asserted and the resulting removal opportunity waived. ASC argues that neither the addition of Matamoros as a party nor the state judge's reversal of his order granting summary judgment as to the RICO claim allowed removal two years later. ASC also asks for attorney's fees for improvident removal under U.S.C. § 1447(c). (Docket Entry No. 29). Defendants respond that Matamoros was not effectively served with the Fifth Amended Petition, making his removal timely; that the earlier-named and served defendants had not waived their ability to consent to his notice of removal to meet the unanimity requirement; and that the state judge's November 2005 ruling reinstating the RICO claim revived the time for removal under 28 U.S.C. § 1446(b). (Docket Entry No. 25).

Each argument is addressed below.

## II. The Motion To Remand

### A. The Applicable Legal Standards

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal

court. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir. 1995). Doubts about the propriety of removal are to be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).

28 U.S.C. § 1446 governs the procedure for removal. Section 1446(b) provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). The first paragraph of section 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases that although not initially removable, later become removable. *See Johnson v. Heublein,* 227 F.3d 236, 241 (5th Cir. 2000); *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161 (5th Cir. 2000). The second paragraph provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Under the second paragraph of section 1446(b), the thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals on its face a basis for federal jurisdiction. *Chapman,* 969 F.2d at 164; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

Under the unanimity rule, all properly served defendants must timely join in or consent to the removal. *Doe v. Kirkwood*, 969 F.2d 165, 167 (5th Cir. 1992). In cases with multiple defendants, the thirty-day period under section 1446(b) begins to run when the first defendant is served or, if the suit is not initially removable, when the first defendant is served with or receives a pleading or other paper that reveals on its face that the case has become removable. *Gillis v. St. of La.*, 294 F.3d 755, 759 (5th Cir. 2002); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988); *Brown v. Demarco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). If the first-served defendant does not timely remove, a subsequently added or served defendant cannot remove because that defendant cannot fulfill the unanimity requirement. *Id.* The revival exception to the thirty-day removal deadline recognizes that if a complaint is amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit," an otherwise-lapsed right to removal may be revived. *Heublein*, 227 F.3d at 241.

### B.  The Unanimity Requirement and the Newly Added Defendant

When ASC filed its Second Amended Petition, which included a federal RICO claim, on October 24, 2003, the case became removable. The case became removable when the RICO claims were added. The then-named-and-served defendants did not timely remove. Instead, those defendants elected to remain in state court, filing dispositive motions, counterclaims, and third-party claims.

The filing of the Fifth Amended Petition in March 2005 "opened a new window of removal" for the three defendants added in that petition. 28 U.S.C. § 1446(b). As to the new defendants, removability is determined as of the date of receipt of service of the amended complaint. *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006). If, as ASC asserts, Matamoros was properly served in August 2005, he failed to remove within the thirty-day window and remand is required on that basis alone. Even if, as Matamoros asserts, neither he nor the other two defendants named for the first time in the Fifth Amended Petition were properly served by December 2005, the first-served defendant rule followed in the Fifth Circuit still frustrates their right to remove.

In *Brown v. Demarco,* a defendant was added to a state court action that had been pending in state court for four years. 792 F.2d at 480. This newly added defendant removed the case to federal court within thirty days of having been served. *Id.* All defendants concurred in the removal. *Id.* The plaintiffs moved to remand on the basis that removal was untimely. The district court denied the motion and the Fifth Circuit reversed. *Id.* The court held that, "if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." 792 F.2d at 481 (quotation omitted). The court stated that this rule "follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court." *Id*. at 482. The court recognized that this rule had been criticized as unfair

7

because it "deprives defendants served after the thirty-day period of the opportunity to persuade the first defendant to join in the removal petition," but it found such criticism unpersuasive. *See id.* (quotation omitted). The court stated:

> A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been if the co- defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

*Id.*

In *Getty Oil*, a defendant removed the case within thirty days of having been served. Two later-served defendants consented to the removal within thirty days of removal and within thirty days of service; however, one of those defendants did not consent until fifty-one days after the first defendant was served. *See* 841 F.2d at 1257, 1262 n. 11. The plaintiff filed a motion to remand. 841 F.2d at 1257. Without deciding the motion, the district dismissed the action on the merits. *Id.* On appeal, the Fifth Circuit vacated and remanded to the district court "to determine the relevant jurisdictional and removal issues," including whether there were "exceptional" circumstances alluded to in *Brown* justifying the untimely consent to removal. *Id.* at 1264. Guiding the district court, the court stated, "[i]n cases

involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1262–63.

In the present case, the defendants named in ASC's October 2003 Second Amended Petition, which included RICO allegations, had the right to remove within the thirty day window, but none did. Instead, they litigated in state court, including by a challenge to the RICO allegations through motions for partial summary judgment. A defendant can waive the right to remove to federal court if it "proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that court." *Brown*, 792 F.2d at 481. The waiver must be clear and indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000). Because a motion for summary judgment seeks resolution of a case on its merits, a defendant who seeks summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates a clear intent to have the state court proceed on the merits of the case. *See Jacko,* 121 F. Supp. at 576; *Zbranek v. Hofheinz,* 727 F. Supp. 324, 325 (E.D. Tex. 1989). The clear choice defendants made in this case to remain in state court and seek dismissal of the federal claim in the state forum waived their right to remove. These defendants cannot consent to removal and the unanimity requirement cannot be met. Absent a basis to find that *Brown* no longer applies or to find an equitable or other exception to the unanimity requirement, removal is frustrated because the earlier-named defendants cannot join in the later-added defendant's removal.

Defendants contend that in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court implicitly overruled *Brown* and *Getty Oil*. In *Murphy Bros.,* the issue was whether the thirty-day removal window began on a defendant's receipt of a complaint before service. 526 U.S. at 347. The Supreme Court held that a named defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 348. Defendants contend that in *Murphy Bros.,* the Supreme Court acknowledged the inherent unfairness of attempting to impose a duty to notice removal on a party that has not yet been served. Defendants contend that the first-served defendant rule is contrary to the analysis the Court used in *Murphy Bros.*, and has been implicitly overruled.

The Sixth Circuit rejected the first-served rule before *Murphy Bros.* was decided, concluding that a better view is to restart the thirty-day clock each time a defendant is served, the so called last-served interpretation. *Brierly v. Alusuisse Flexible Packaging Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). The Eighth Circuit rejected the rule after *Murphy Bros.* issued, finding that the last-served interpretation is more consistent with the Supreme Court's holding that section 1446(b)'s time for removal does not begin to run until the defendant has been officially served with a summons and the complaint. *Marano Enters. of Kan. v. Z-Teca Rest., L.P.*, 254 F.3d 753, 755–57 (8th Cir. 2001). The Seventh Circuit has also questioned the soundness of the first-served rule in dictum. *Phoenix Container, L.P. v. Sokoloff,* 235 F.3d 352, 353–55 (7th Cir. 2000). The Fourth Circuit has created a limited exception to the

first-served defendant rule, permitting a later-served defendant, who is served within the first-served defendant's thirty-day window, thirty days to decide whether to join in an otherwise valid removal petition. *McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). However, the Fourth Circuit noted in *McKinney* that a defendant served after the first-served defendant's removal period cannot remove the action. *Id*. at 926 n. 3. *See also Griffith v. Amn. Home Prods. Corp*., 85 F. Supp. 2d 995, 997 (E.D. Wash. 2000) (finding that the open question is whether first-served defendant, by failing to remove within thirty day period, waives the right to consent to removal by later-served defendant); *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223 (N.D.N.Y. 2001).

The Fifth Circuit's opinions setting out the first-served rule are binding on this court. Some of the criticisms defendants make in this case were recognized and rejected by the Fifth Circuit in the *Brown* and *Getty Oil* opinions that adopted the first-served rule. Although the Eighth Circuit has held that the Supreme Court's opinion in *Murphy Bros.* is inconsistent with the first-served rule, no Fifth Circuit case has so held. *Murphy Bros.* may support, but does not require, allowing each defendant thirty days after service to remove. In that case, the Court held that a defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 348. The Court did not address, or even mention, the first-served defendant rule or consider how to calculate the period for removal in a case involving multiple defendants served at different times. *Murphy Bros.* was based on the "bedrock

11

principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347–48. That bedrock principle is not threatened or implicated in this case. *See Baych v. Douglass*, 227 F. Supp. 2d 620, 622 (E.D. Tex. 2002); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1346 (M.D. Fla. 2003).

Courts in the Fifth Circuit urged to abandon the first-served rule have refused to do so. *See, e.g., Casley v. Barnette,* No. 04-3349, 2005 WL 517495, at *3 (E.D. La. February 22, 2005); *La. Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.,* 207 F. Supp. 2d 524, 526 (M.D. La. 2002); *Baych,* 227 F. Supp. at 622; *Turner v. Mine Safety Appliances Co.*, No. 01-0325, 2001 WL 456351, at *3, (E.D. La. April 27, 2001). Absent a basis for reviving the earlier-served defendants' right to remove, this case must be remanded.[1] *See Gillis,* 294 F.3d at 759; *Getty Oil,* 841 F.2d at 1263; *Brown,* 792 F.2d at 482.

### C.     The Revival Exception

Defendants rely on the "revival" exception recognized and applied by the Fifth Circuit in *Johnson v. Heublein,* 227 F.3d at 242. Defendants argue that a new thirty-day removal period began to run in November 2005, when the state court judge granted plaintiff's motion to rehear defendants' motion for partial summary judgment on the RICO claim. Defendants urge that this ruling revived the removability of the case created when the RICO claim was

---

[1] Defendants do not argue that the claim against Matamoros was separate and independent from the claims against the earlier-named defendants under 28 U.S.C. § 1441(c), so as to make their inability to join in the removal irrelevant to federal jurisdiction.

12

initially pleaded in 2003. Defendants argue that the notice of removal is timely because it was filed within thirty days of November 23, 2005, the date of the order setting aside the previous summary judgment dismissing the RICO claim.

In *Heublein*, the Fifth Circuit recognized that a lapsed right to remove may be restored if a complaint is amended so substantially as to alter the character of the proceedings and constitute essentially a new lawsuit. 227 F.3d at 241. In *Heublein,* the defendants did not timely remove despite the presence of diverse parties. *Id.* at 239. After eighteen months of litigation, one of the defendants moved for summary judgment. Before the state court ruled on the motion, the plaintiff and two other defendants jointly filed a confession of judgment and assignment of claims. The court realigned the parties. An amended petition was filed, reasserting the original claims against the remaining defendants and asserting new substantive claims. Defendants removed based on diversity. The district court denied plaintiffs' remand motion. On appeal, the court found that the plaintiffs had amended the original petition so substantially as to alter the character of the action. *Id.* at 242. The amended petition resulted in a realignment of the parties, the new allegations bore "no resemblance whatsoever" to those of the original complaint, and the defendants were confronted with new substantive claims that exposed them to increased liability. The amended petition started "a virtually new, more complex, and substantial case . . . upon which no significant proceedings ha[d] been held." *Id.*

Defendants do not contend that the Fifth Amended Petition by itself revived the removal right. The Fifth Amended Petition was filed in March 17, 2006; any right to remove based on the amended RICO allegations expired well before December 2005. Instead, defendants argue that the state court's November 23, 2005 order setting aside the partial summary judgment dismissing the RICO claim and allowing the plaintiffs to proceed on the RICO claim as pleaded in the Fifth Amended Petition, restarted the time for removal. [2]

This argument fails because the RICO allegations in the Fifth Amended Petition, which the state judge allowed the plaintiffs to pursue in 2005 were not so different from the RICO allegations first asserted in 2003 so as to alter the character of the action and constitute essentially a new lawsuit. The RICO claim first appeared in this case in the Second

---

[2] An additional problem with defendants' argument is that federal district courts have repeatedly rejected the argument that the revival exception applies not only to cases that were removable as initially filed, but also to cases that, while not removable as initially filed, become removable at a later date. *See Cosse v. Apcoa Standard Parking, Inc.,* No. 02-1208, 2002 WL 1339091, at *2 (E.D. La. June 18, 2002) ("[I]n the [*Heublein*] case the Fifth Circuit found that the case was originally removable in the first place so that it was not governed by the second paragraph of section 1446(b)."); *Serv. Asset Mgmt. Co. v. Hibernia Corp.,* 80 F. Supp. 2d 626, 630 (E.D. Tex. 2000) (holding that "because the case was not initially removable, there can be no 'revival' of a right to remove."); *Jenkins v. Sandoz Pharm. Corp.,* 965 F. Supp. 861, 866–67 (N.D. Miss. 1997) (holding the substantial repleading exception inapplicable because defendant had no right to remove the initial pleading, and no revival of a right to remove could exist). *See also In re. Methyl Tertiary Butyl Ether Products Liability Litigation*, No. 00-1898, 2006 WL 1004725, at *4 (S.D.N.Y. Apr. 17, 2006) (noting that "a defendant must rely on the revival exception where the complaint was initially removable."); *Dunn v. Gaiam, Inc.,* 166 F. Supp. 2d 1273 (C.D. Cal. 2001) (finding revival exception did not apply to removal of amended complaint containing RICO claim where defendants did not timely remove original complaint containing federal claims); *Sehl v. Safari Motor Coaches, Inc.,* No. 01-1750, 2001 WL 940846 (N.D. Cal. August 13, 2001) (finding defendant's failure to timely remove on federal claims contained in original complaint constituted waiver of right to subsequent removal of amended complaint, and that the revival exception to waiver did not apply).

14

Amended Petition, which was filed on October 24, 2003. The thrust of the RICO claim was that the defendants formed a conspiracy to defraud ASC and to deprive ASC of the honest, loyal, and faithful service of its employees. Between October 24, 2003, and November 19, 2004, when the state court judge granted defendants' motion for partial summary judgment and dismissed RICO allegations from the case, ASC amended its petition two additional times. The Third Amended Petition added three defendants and new allegations of bribery of ASC's employees. The Fourth Amended Petition added allegations that Fuentes aided in the alleged conspiracy. The case stayed in state court after the initial RICO allegations appeared in the Second Amended Petition and remained there after the Third and Fourth Amended Petitions were filed. Four months after the RICO claim was initially dismissed by the interlocutory order granting partial summary judgment, ASC filed its Fifth Amended Petition, on March 17, 2005, reasserting the RICO claim and adding allegations that three additional defendants had aided in the alleged conspiracy.

Unlike *Heublein*, in which the amended petition realigned the parties, added new causes of action, and substantially enlarged the scope of the defendants' liability, the claims asserted in the Fifth Amended Petition asserted the same RICO cause of action as the Second, Third and Fourth Amended Petitions, relating to the alleged theft of ASC's trade secrets and the alleged conspiracy to defraud ASC. Since *Heublein*, district courts have held that an amendment does not revive a right to remove as long as the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential

15

character of the action. *See La. Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.,* 207 F. Supp. 2d 524, 526 (M.D. La. 2002) (holding that an automobile liability insurer's amendment of complaint to add the insured as a party plaintiff in its subrogation action against the tire manufacturer did not so alter the character of action as to constitute essentially a new lawsuit and did not revive the manufacturer's right to remove federal court, because the core of lawsuit still arose from the alleged tire explosion and the insured's injuries); *Baych,* 227 F. Supp. at 622 (holding that although three new defendants and new claims for fraud, civil conspiracy, and violations of the Uniform Transfers Act were added, the revival exception did not apply because the core of the lawsuit still arose from an alleged breach of employment contract); *Turner,* 2001 WL at *3, (finding the revival exception inapplicable after the amended petition added a new plaintiff and new claims because the core of the lawsuit still arose from asbestos exposure); *Rodriguez v. ACandS, Inc*., No. 01-0586, 2001 WL 333101, at *3, (E.D. La. April 4, 2001) (holding revival exception inapplicable because all of the claims arise out of the asbestos exposure and subsequent injury). *Clarson v. S. Gen. Life Ins. Co.,* 694 F. Supp. 847 (M.D. Fla. 1987) (holding that substitution of plaintiff necessitated by original plaintiff's death and addition of cause of action against employee group life insurance company, after more than one year of related proceedings in state court, did not sufficiently alter the original complaint against insurer to allow belated removal to federal court).

In addition to the lack of fundamental change worked by the RICO claim asserted in the Fifth Amended Petition, the state court's ruling allowing the plaintiffs to proceed on the

RICO claim cannot start the removal clock anew. This is not a case in which the state court's decision granting a motion *first* made the case removable. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998). This case was removable in 2003, when the plaintiff first alleged a RICO claim but the defendants elected not to remove to federal court. The November 23, 2005 order setting aside the interlocutory summary judgment ruling and allowing the plaintiffs to proceed with their RICO claim did not restart the removal period that was also based on the RICO claim and that had expired two years earlier. The revival doctrine recognizes a new removal opportunity because the claims are so changed as to be a new basis for removal; it does not allow a defendant a second chance to remove on the same basis that was earlier eschewed.

**III.     The Motion for Attorney's Fees**

28 U.S.C. § 1447(c) authorizes the court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal." The Supreme Court has recently clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *St. Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). Although defendants' argument was ultimately unsuccessful, it was not objectively unreasonable. The procedural complexity of this case, and the unusual combination of the frequently amended state court petitions and the 2005 reversal of the state-court interlocutory grant of partial summary judgment on the claim that gave rise to removability in 2003, lead

this court to conclude that an award of fees is inappropriate.  The motion for fees is denied.

## IV.     Conclusion

The motion to remand is granted.  This case is remanded to the 268th Judicial District Court of Fort Bend County, Texas.

SIGNED on June 9, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge